# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

CHRISTOPHER BITTOLA AND
DANNA BITTOLA, INDIVIDUALLY
AND ON BEHALF OF THEIR MINOR
CHILD, ALEXANDER BITTOLA

NO.  2021 CW 1260

VERSUS

NEKITA HARMON, OLD REPUBLIC
INSURANCE COMPANY, GELCO
CORPORATION AND 3M COMPANY

**JANUARY 21, 2022**

---

In Re:   Christopher Bittola, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 2018-10797.

---

**BEFORE:   McCLENDON, WELCH, AND THERIOT, JJ.**

**WRIT DENIED.**  Plaintiff failed to meet his burden of proof on the motion in limine, as no evidence was formally introduced at the hearing.  Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. **Denoux v. Vessel Management Services, Inc.**, 2007-2143 (La. 5/21/08), 983 So.2d 84, 88.

**JEW**

**Theriot, J.**, concurs and would deny the writ.

**McClendon, J.**, concurs in part and dissents in part.  An expert witness may not give expert testimony beyond the scope of the field of expertise in which he is qualified.  **State v. Williams**, 615 So.2d 1009, 1022 (La. App. 1st Cir.), writ denied, 619 So.2d 543 (La. 1993).  Specifically, a biomechanics expert cannot testify as to whether the collision caused a plaintiff's injuries since he is not a medical expert.  See **Collins v. Benton**, 18-7465, 2020 WL 3605942, at *8 (E.D. La. July 2, 2020). However, he can opine on the force of impact experienced by plaintiffs and how a hypothetical human body usually responds to such force, both of which may assist the jury in evaluating whether the collision caused the purported injuries and if so the extent of damages. **Id.**; see also **Jones v. Bravata**, 2018-0837 (La. App. 1st Cir. 5/9/19), 280 So.3d 226, writ denied, 2019-01850 (La. 2/26/20), 294 So.3d 477.  Accordingly, I would reverse in part the district court's June 1, 2021 judgment denying the "Motion in Limine Regarding the Testimony of Wilson C. Hayes, Ph.D." filed by Plaintiff, Christopher Bittola, and grant the motion to exclude Dr. Hayes's opinion as to medical causation.   I would deny the writ application in all other respects.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT